UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KENNETH R. BATES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:07 CV 248 |
| | ) |
| STEVE CARTER, Attorney General of | ) |
| Indiana, | ) |
| | ) |
| Respondent. | ) |

# O R D E R

Petitioner Kenneth Bates, a prisoner confined at the United States Penitentiary McCreary, Pine Knot, Kentucky, filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2001 conviction in the Allen Superior Court for robbery and his adjudication as an habitual offender, which resulted in an aggregate fifty-year sentence. (DE # 1.) The Indiana Court of Appeals affirmed his conviction on direct appeal on June 14, 2002. (*Id.* at 2.) In his direct appeal, Bates argued that the trial court erroneously ordered him to be in physical restraints during trial. (*Id.* at 3.) Bates admits in his petition that he did not seek transfer to the Indiana Supreme Court on the issue presented in his direct appeal (*id.* at 2), and he does not raise this issue in his petition for writ of habeas corpus.

On August 21, 2002, Bates filed a petition for post-conviction relief. (DE # 16-2 at 10, DE # 16-6.) Among the issues raised in that petition were "ineffective assistance of counsel by trail (sic) counsel and appellate counsel" and that the "Indiana Allen Superior Court violated [the] Interstate agreement on Detainer[s]."

(DE # 16-6 at 4.) This petition lingered for several years until, on May 4, 2006, the post-conviction court directed Bates to submit his case by affidavit on or before September 4, 2006. Bates did not file an affidavit by the deadline and, on September 28, 2006, at the state's request, the court denied the petition for post-conviction relief because Bates had not complied with the order to submit materials supporting his petition. (DE # 16-2 at 12, DE # 26-2.) Bates did not file a timely notice of appeal, and his untimely request was dismissed on November 28, 2006.
(DE # 16-2 at 12.) On July 30, 2007, Bates sought leave of the Indiana Court of Appeals to file a successive petition for post-conviction relief, (DE # 16-11), but the court denied his request. (DE # 16-10 at 2.)

This court received Bates's petition for writ of habeas corpus on October 1, 2007. The "mailbox" rule, established in *Houston v. Lack*, 487 U.S. 266 (1988), provides that a prisoner's submission to the court is to be deemed as "filed" on the date he delivers it to prison authorities for forwarding to the court. Bates states under penalty of perjury that he placed his petition for writ of habeas corpus in the prison mailing system on September 28, 2007. (DE # 1 at 15.) Accordingly, the court deems this petition to have been filed on September 28, 2007.

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a petition for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed within one year of the date on which (1) the judgment became final by the conclusion of direct review; (2) a state

2

created unconstitutional impediment to appeal was removed; (3) the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to the states; or (4) the factual predicate for the claims could have been discovered through the exercise of due diligence. Section 2244(d)(2) provides that a properly filed state application for post-conviction relief or other collateral review tolls the statute of limitations. The statute of limitations is tolled for that period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 5 (2000).

Respondent's submissions establish that Bates took a direct appeal from his conviction, and that the Indiana Court of Appeals affirmed the conviction on June 14, 2002. (DE # 16-3 at 4, DE # 16-5.) Bates did not seek transfer to the Indiana Supreme Court, so his conviction became final on July 15, 2002, the last date upon which he could have filed a petition to transfer with the Indiana Supreme. *See Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987). Accordingly, Bates had until July 15, 2003, within which to file his petition for writ of habeas corpus or file a state petition for post-conviction relief that would toll the statute of limitations.

On August 21, 2002, Bates filed his petition for post-conviction relief. (DE # 16-2 at 10, DE # 16-6.) By that time 37 days of the one-year statute of limitations had elapsed. The filing of the petition for post-conviction relief tolled the statute of limitations until the Allen Superior Court denied his petition for post-conviction relief

on September 28, 2006. (DE # 26-2 at 2, DE # 26-2 at 2.) At that time the statute of limitations resumed running, and Bates had until August 23, 2007, within which to file a petition for writ of habeas corpus. He did not file his habeas petition until September 28, 2007.

Bates requested leave to file a second petition for post-conviction relief on July 30, 2007. (DE # 16-11.) But on August 27, 2007, the court of appeals denied him leave to file his second post-conviction relief petition. (DE # 16-10 at 2.) The Seventh Circuit has held that an unauthorized successive petition is not considered "properly filed" under Indiana law, and does not toll the one-year statute of limitations under Section 2244(d)(2). *See Powell v. Davis* 415 F.3d 722 (7th Cir. 2005). Accordingly, Bates's request for leave to file a successive petition for post-conviction relief did not stay the statue of limitations.

Bates filed his petition for writ of habeas corpus on September 28, 2007, exactly one year after the statute of limitations resumed running on September 28, 2006. But because he had already accumulated 37 days toward the statute of limitations before he filed his petition for post-conviction relief, his petition for writ of habeas corpus is untimely pursuant to Section 2244(d)(1), and his claims are time-barred unless one of the factual predicates established by Section 2244(d)(1) — other than the judgment becoming final by the conclusion of direct review — applies to this case. The other possibilities established by Section 2244(d)(1) are if there was a state-created unconstitutional impediment to appeal; if the constitutional right asserted was

4

recognized by the United States Supreme Court and made retroactively applicable to the states; or if the factual predicate for the claims could have been discovered through the exercise of due diligence.

Bates does not assert that the State of Indiana created an unconstitutional impediment to his filing a direct appeal or appealing the denial of his petition for post-conviction relief; that his case involves a constitutional right recognized by the United States Supreme Court and made retroactively applicable to the states; or that the factual predicate for his claims could not have been discovered through the exercise of due diligence. He does assert in his traverse, in response to respondent's procedural default argument, that he did not receive a copy of the Allen Superior Court's order of September 28, 2006, and that he was without access to his legal materials for a period while officials at the Big Sandy U.S. Penitentiary investigated him for misconduct. (DE # 19 at 7, 10.) In his affidavit, Bates states that on or about July 23, 2006, federal prison officials placed him in lock-up on pending criminal charges and that he did not have access to his legal materials from July 23, 2006, through January 2007. (DE # 19 at 10, ¶¶ 3 and 4.)

But even giving Bates the benefit of every doubt, these facts did not preclude him from filing his petition for writ of habeas corpus within the statute of limitations. By his own statement, Bates had access to his legal materials by January 2007, long before the August 23, 2007, deadline for filing his petition for writ of habeas corpus. Bates filed a request for leave to file a sixteen-page second and successive petition for post-

conviction relief on July 30, 2007, and could just as easily have filed his petition for writ of habeas corpus on that date or before August 23, 2007. Accordingly, nothing in petitioner's submissions or arguments suggests circumstances that would excuse his failure to file a timely habeas corpus petition. Because the court has concluded that Bates's petition was not filed within the statute of limitations, it will not address respondent's arguments that his claims are barred by the procedural default doctrine.

For the foregoing reasons, the court **DENIES** this petition pursuant to 28 U.S.C. § 2244(d)(1).

                                              **SO ORDERED.**

Date: July 20, 2010

                                      s/James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT