UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KENNETH R. BATES, | ) |  |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:07 CV 248 |
| | ) | |
| STEVE CARTER, Attorney General of Indiana, | ) ) | |
| | ) | |
| Respondent. | ) | |

## OPINION and ORDER

Petitioner Kenneth Bates, a prisoner confined at the United States Penitentiary McCreary, Pine Knot, Kentucky, filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2001 conviction in the Allen Superior Court for robbery and his adjudication as an habitual offender, which resulted in an aggregate fifty year sentence. Respondent filed a response on the merits and petitioner filed a traverse, but the court eventually denied the petition because it appeared to be untimely. This matter is before the court on petitioner's motion, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 59(e), to reconsider the denial of his habeas petition.

In his motion to reconsider, petitioner presents several arguments, including a claim that the court erred in *sua sponte* raising the statute of limitations, 28 U.S.C. § 2244(d)(1). Petitioner argues that:

> Nowhere in the State's answer does the Respondent mention, much less assert and argue, any limitation period defense. Therefore, the District Court is wrong to sua sponte raise the affirmative defense on the State's

> behalf. See Grigsby v. Cotton. 456 F.3d 727, 731 (7th Cir. 2006 (it is the State's duty to raise timeliness of petition under § 2254, and it is an affirmative defense the State can waive) . . .

(DE # 34 at 4.)

*Grigsby v. Cotton* is not on point because it deals with an attempt by the State to raise the statute of limitations on appeal for the first time. *Grigsby* stands not for the proposition that a district court may not *sua sponte* raise the statute of limitations, but rather for the proposition that the State may not raise the statute of limitations for the first time on appeal. *Id*. at 731.

But, in *Grigsby*, the Seventh Circuit cites *Day v. McDonough*, 547 U.S. 198 (2006), a case also cited elsewhere in petitioner's motion for the proposition that the *sua sponte* resolution of the case on the statute of limitations deprived him of procedural due process, which does address the question of whether a district court can *sua sponte* raise the statute of limitations. In *Day*, the Supreme Court held "that district courts are permitted, but not obligated, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Id.* at 209. The Supreme Court, however, placed a limitation on the district courts' discretion by stating that:

> before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions. Further, the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred.

*Id.* at 210 (internal citations and quotation marks omitted).

Because it did not afford the parties the opportunity to address the question of the applicability of the statute of limitations to these proceedings before entering judgment, the court now **GRANTS** petitioner's motion to alter/amend/reconsider judgment (DE # 34), **DIRECTS** the clerk to reopen this case, **AFFORDS** respondent until **May 16, 2011**, within which to address the statute of limitations defense, and **AFFORDS** petitioner until **July 5, 2011**, within which to reply to respondent's submissions.

**SO ORDERED.**

Date: March 22, 2011

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT
