UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KENNETH R. BATES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 1:07 CV 248 |
| | ) |
| INDIANA ATTORNEY GENERAL, | ) |
| | ) |
| Respondent. | ) |

### OPINION and ORDER

Kenneth Bates, a *pro se* prisoner, initiated this habeas corpus proceeding pursuant to 28 U.S.C. § 2254 to challenge his 2001 Indiana conviction and fifty year sentence by the Allen Superior Court for robbery as an habitual offender. After this case was fully briefed, the court dismissed the petition as untimely pursuant to 28 U.S.C. § 2244(d). Bates then filed a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e), which the court granted to permit additional briefing.

Habeas Corpus petitions are subject to a strict one year statute of limitations as set forth in 28 U.S.C. § 2244(d). The statute sets out four possible times when the limitation period can begin. Bates concedes that if the clock began to run when the judgment became final on direct review as provided for in 28 U.S.C. § 2244(d)(1)(A), that his petition is untimely.[1] He does not assert that his claims are based on a newly

---

[1] Bates argues that he is only 6 days (rather than 36 days) late, but this is a distinction without a difference. Being late by even one day is enough to foreclose habeas corpus review.

Foreclosing litigants from bringing their claim because they missed

recognized constitutional right or newly discovered evidence, therefore the start times in § 2244(d)(1)(C) and (D) are not relevant here. Instead, Bates argues that he was impeded from filing a habeas corpus petition and so the clock should not start until the impediment was removed pursuant to § 2244(d)(1)(B).

Bates describes three ways in which he was impeded. First, he says that while he was housed in federal prisons outside of Indiana, he did not have access to Indiana legal research materials. In effect, "[h]e proposes that the year to file a federal petition begins when a prisoner actually understands what legal theories are available. That is not what § 2244(d)(1) says." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000).

> If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit, as Owens's case illustrates. Like most members of street gangs, Owens is young, has a limited education, and knows little about the law. If these considerations delay the period of limitations until the prisoner has spent a few years in the institution's law

---

the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests, and limitation periods work both ways – you can be sure [the petitioner] would not be pooh-poohing the prosecution's tardiness if [he] had been indicted one day after the statute of limitations expired for [his] crimes.

*United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citation omitted). *See also Simms v. Acevedo*, 595 F.3d 774 (7th Cir. 2010).

Moreover, Bates is incorrect that he is only 6 days late. He argues that, pursuant to 28 U.S.C. § 2244(d)(2), he is entitled to exclude the 30 days during which he could have appealed the denial of his post-conviction relief petition. But Bates did not appeal and "§ 2244(d)(2) makes no reference to the 'time for seeking' review of a state postconviction court's judgment. Instead, it seeks to know when an application for 'State . . . review' is pending." *Lawrence v. Florida*, 549 U.S. 327, 334 (2007). Because Bates did not appeal, nothing was pending during those 30 days and they are not excludable.

2

> library, however, then § 2244(d)(1) might as well not exist; few prisoners are lawyers.

*Id.* Moreover, Bates provides no explanation for how the lack of Indiana legal materials prevented him from filing a federal habeas corpus petition. Indeed, he filed this petition while he was housed in a federal prison outside of Indiana: USP Lee in Jonesville, Virginia. In *Lloyd v. Vannatta*, 296 F.3d 630 (7th Cir. 2002), a similar argument was raised and rejected by the Seventh Circuit. There, "[b]ecause Mr. Lloyd was able to file his petition without a complete copy of his trial transcript, the state's failure to provide a complete transcript did not prevent Mr. Lloyd from pursuing any of his claims, and § 2244(d)(1)(B) does not apply to this case." *Id.* at 633. So too here. Obviously the lack of Indiana legal materials was not an impediment to the filing of this habeas corpus petition.

Second, Bates argues that he was impeded because he has never received a copy of the State court order denying his petition for post-conviction relief. Though he may not have received a copy of that order before it was filed in this case on April 14, 2009, (DE # 26-2 at 2), its absence clearly did not prevent him from filing this habeas corpus petiton and therefore "§ 2244(d)(1)(B) does not apply to this case." *Id.* Moreover, it is clear that by May 23, 2007, he knew that his first post-conviction relief petition had been denied because on that day the Allen County Clerk docketed his motion to file a successive petition for post-conviction relief. (DE # 16-2 at 13.) That was three months

3

before the August 23, 2007, deadline for filing a habeas corpus petition.[2] Therefore there is no indication that the absence of a copy of that order impeded his ability to file a habeas corpus petition.

Third, Bates argues that he was impeded because he did not have "access to his Indiana State Court legal documents from on or about July 23, 2006, through January 2007 . . . ." (DE # 38 at 5.) However, he does not explain how this actually prevented him from filing a habeas corpus petition given that he was able to file six other documents in his post-conviction relief proceeding.[3] "Although neither § 2244 nor this circuit has defined what constitutes an 'impediment' for purposes of § 2244(d)(1)(B), the plain language of the statute makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition." *Lloyd v. Vannatta*, 296 F.3d 630, 633 (7th Cir. 2002). Here, this temporary loss of access to his legal papers is insufficient to constitute an impediment for purposes of § 2244(d)(1)(B). Thus, § 2244(d)(1)(B) does not establish when the limitation period began.

---

[2] On February 6, 2007, in response to Bates' motion to stay his post-conviction proceedings, the Allen Superior Court notified him that "[n]othing is currently pending before the court." (DE # 16-2 at 13.) Thus it appears that Bates likely knew that his case had been dismissed more than six months before the deadline for filing a habeas corpus petition expired.

[3] On July 31, 2006, he filed a motion for new trial. On August 1, 2006, he filed a motion for transfer. On August 2, 2006, he filed a notice of change of address. On August 3, 2006, he filed a motion for transfer. On August 10, 2006, he filed a notification. On January 4, 2007, he filed a motion to stay.

Rather, the limitation period began when "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" pursuant to § 2244(d)(1)(A). Bates has conceded that using this starting point, his petition is late. However, he argues that he is entitled to equitable tolling.

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010) (quotation marks and citation omitted). Equitable tolling is an extraordinary remedy that is "rarely granted." *Obriecht v. Foster*, – F.3d –, – , 08-1641, 2013 WL 4400263, at *2; 2013 U.S. App. LEXIS 17186, at *7 (7th Cir. August 16, 2013). "Petitioners bear the burden of proving that they qualify for equitable tolling." *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013). "Equitable tolling excuses [an untimely] filing when the petitioner could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Obriecht*, 2013 WL 4400263, at *5; 2013 U.S. App. LEXIS 17186, at *13 (brackets omitted).

Bates argues that he is entitled to equitable tolling because he did not have access to his legal materials for roughly six months (from July 2006 to January 2007) and because he did not receive a copy of the order denying his post-conviction relief petition. Bates does not dispute having access to his legal materials after January 2007. So to, the record demonstrates that by May 23, 2007, (and likely sooner) he knew that his post-conviction relief petition had been denied. Thus, he had at least three months to

5

file a timely habeas corpus petition during which he had both access to his legal materials and the knowledge that his post-conviction relief petition had been denied. During those three months, he was clearly able to file documents explaining his claims because he sought leave to file a successive petition in the State trial court (DE # 16-2 at 13) and the Court of Appeals of Indiana (DE # 16-11 at 4). But he "did not confirm the date his habeas petition was due in federal court, despite having several months to do so. That lack of action does not show reasonable diligence, and it does not show that extraordinary circumstances actually prevented [him] from filing." *Taylor*, 724 F.3d at 811. This lack of diligence is made all the more evident by the fact that even with his mistaken belief that he was entitled to tolling during the 30 days when he could have appealed the denial of his post-conviction relief petition, he was still 6 days late in filing this habeas corpus petition.[4] Thus, Bates does not meet the diligence prong of the equitable tolling test. But neither does he meet the extraordinary circumstances prong. Prisons are not uncommonly placed on lock down and inmates are regularly moved both between and within prisons. Law library time is limited and inmates are not infrequently placed in segregation. Thus, there is nothing extraordinary about Bates having been without his legal materials for an extended period of time. Though not receiving timely notice of the denial of his post-conviction relief petition was

---

[4] Nevertheless, even if his misunderstanding of the law had been the difference between a timely and untimely filing, "[l]ack of familiarity with the law, however, is not a circumstance that justifies equitable tolling." *Taylor*, 724 F.3d at 811.

extraordinary, it did not prevent him from filing a timely habeas corpus petition because he had three months remaining when he found out.

> When an inmate, despite roadblocks thrown in his way, has reasonable time remaining to file a habeas petition in a timely manner, the circumstances cannot, as a definitional matter, be said to have prevented timely filing, as the standard requires. Even after the alleged extraordinary circumstance . . . ended, Taylor had several months during which to file an arguably timely habeas corpus petition, but he miscalculated the due date and so did not. [M]iscalculation of a deadline is simply not sufficient to warrant equitable tolling . . . .

*Taylor*, 724 F.3d at 811-12 (citations, quotation marks, and brackets omitted). Therefore this habeas corpus petition must be dismissed because it is untimely.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* As previously explained, this petition is untimely. Though Bates presents a sympathetic case because he faced hardships during his post-conviction proceedings, those events provide no explanation for his not filing a timely habeas corpus petition. The delayed notice of the denial of his post-conviction petition may have impeded his ability to

appeal that judgment and thereby exhaust his claims in State court, but then it also could have been the basis for cause and prejudice to excuse procedural default. Nothing that Bates experienced caused him to file a late habeas corpus petition. Thus, there is no basis for finding that jurists of reason would debate the untimeliness of this petition or the inapplicability of equitable tolling. Therefore there is no reason to encourage him to proceed further, and a certificate of appealability must be denied.

For the foregoing reasons, the habeas corpus petition is **DENIED** because it is untimely and a certificate of appealability is **DENIED**.

**SO ORDERED.**

Date: September 27, 2013

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT